BLANCHE, Judge.
On July 7, 1967, an automobile accident occurred on U.S. Highway No. 11 south of the City of Slidell, St. Tammany Parish, Louisiana, involving an automobile driven by Jack E. Hayes, the minor son of Edward M. Hayes (hereinafter sometimes referred to as “Hayes”), and an automobile being operated by Frank Earl Talley, the *865 minor son of F. A. Talley (hereinafter sometimes referred to as “Talley”). Hayes was operating his vehicle in a generally southerly direction on U.S. Highway 11, and as the vehicle approached a lounge known as the “Celler Lounge,” located on the western side of the highway, Talley began to back the automobile he was operating out of the parking lot in front of the lounge onto the southbound traffic lane. Hayes allegedly took evasive action to avoid striking the rear of the backing Talley vehicle but in so doing struck a vehicle which was located on the eastern shoulder of the highway, after which the Hayes vehicle went out of control and struck two other vehicles parked farther south on the western shoulder of the highway. Two suits were filed growing out of this accident: (1) the suit of Jack R. Welch and Willis C. McDonald for property damage sustained to their respectively owned, parked vehicles (No. 8263); and (2) the suit of Edward M. Hayes, individually and as administrator of the estate of his minor son, Jack E. Hayes, for damages for personal injuries and related losses and expenses sustained by Jack E. Hayes (No. 8264). The two suits were consolidated for purposes of trial and judgment was rendered: (1) in No. 8263 in favor of plaintiffs, Jack R. Welch and Willis C. McDonald, and against defendants, The Aetna Casualty and Surety Company and F. A. Talley, as administrator of the estate of-his minor son, Frank Earl Talley, in so-lido, for the stipulated property damage sustained by each of these plaintiffs; and (2) in No. 8264 in favor of plaintiff, Edward M. Hayes, individually and as administrator of the estate of his minor son, Jack E. Hayes, and against defendant, The Aetna Casualty and Surety Company.[1] From these judgments the respective defendants cast in judgment suspensively appealed. For the reasons hereinafter stated, we affirm both judgments, separate decrees being rendered in each appeal.
The trial court concluded that the sole proximate cause of this accident and the resulting damages was the negligence of Talley in backing onto the highway directly in the path of Hayes and declined to find Hayes guilty of any negligence or contributory negligence proximately causing or contributing to the accident. The pertinent part of the trial court’s findings of fact and written reasons for judgment is as follows:
“The automobile being driven by the plaintiff, Jack E. Hayes [sic], was traveling in a southerly direction on US 11, and as it approached a lounge, known as the ‘Celler Lounge’, an automobile being driven by the defendant Talley [sic] began to back out of the parking lot of the lounge, which is located on the west side of the highway, and the accident occurred.
“The Hayes car did not strike the Talley car, but in its maneuver to avoid the backing Talley car the Hayes car first struck a vehicle parked on the left (east) side of the highway, then veered across the highway and struck two automobiles which were parked on the right (west) side of the roadway.
“At this location, US 11 is a blacktopped highway, and is somewhat narrow with limited shoulders.
“The testimony from the witnesses, most of whom were put on by the plaintiff, indicates that there were many cars parked on both sides of the roadway on this night.
“The testimony clearly leads to a conclusion of negligence on the part of Talley in backing his vehicle onto the highway, without first determining that it was safe for him to do so. More difficult to resolve, however, is the question of contributory negligence on the part of the plaintiff, Hayes.
*866 “Mr. Hayes testified that he was traveling at approximately 55 to 60 miles an hour before he saw the car hack out and that without warning the car was there ‘all of a sudden.’
“It was his testimony that had he not swerved he would have hit the Talley car and that after he hit the first parked car he lost control of his vehicle.
“His testimony is corroborated by that of his passenger, Robert Morgan, who testified that they were ‘very close’ when the car backed out into their lane of traffic.
“The plaintiff called two additional witnesses, Mr. Miller Kraft Henry [, III,] and Mr. Charles E. Haaga, both of whom witnessed the accident. Both of these witnesses estimated the speed of the Hayes vehicle at less than 60 miles an hour, which was the legal speed limit on this highway. Mr. Henry testified that it was necessary for the Hayes vehicle to swerve in order to avoid hitting the Talley vehicle. Mr. Haaga testified to the same effect.
“Although none of the witnesses have the Hayes vehicle traveling at an excessive rate of speed, the defendant contends that Hayes was contributory [sic] negligent by failing to reduce his speed when he approached this area with cars parked on each side of the highway.
“This Court can well imagine a set of circumstances where the failure to reduce the speed might amount to contributory negligence, but in this case I do not find that the speed of the Hayes vehicle was a contributing cause to the accident.
“The testimony of the witnesses leads me to the conclusion that Mr. Hayes was faced with a sudden emergency when the Talley vehicle backed onto the highway
without warning, and that he is free from contributory negligence.” (No. 8263, Record, pp. 102-104)
Defendants-appellants assign as specifications of error the finding by the trial court that Talley was guilty of negligence which was the proximate cause of the accident and the failure of the trial court to find Hayes guilty of negligence and contributory negligence which was a proximate cause of the accident. Our review of the record fails to disclose where the trial judge committed any manifest error which would justify or warrant overturning his findings of fact, especially since these findings involve consideration of the credibility of the witnesses observed by the trial judge. We are satisfied from our review of the record that there is ample evidence to support the trial judge’s conclusion that Hayes was faced with a sudden emergency caused by the negligent backing by Talley of the automobile he was operating onto the southbound traffic lane directly in the path of Hayes and in such proximity as to reasonably require the taking of the evasive action which was attempted.
Appellants argue that Hayes was guilty of negligence in that he was exceeding the posted speed limit of sixty miles per hour or was at least traveling at an excessive rate of speed considering the existing circumstances and conditions. In this connection appellants argue that the trial court erred in refusing to admit opinion testimony which counsel for appellants sought to elicit from the investigating police officer. In refusing to admit into evidence the proffered testimony, the trial judge observed that the proper foundation therefor had not been laid in that the police officer had admittedly not measured the length of the skid marks left by the Hayes vehicle from the time the brakes *867 were applied until the time of the first impact. (No. 8263, Record, p. 65)
While it is true that in certain cases experienced and well-trained police officers have been permitted to testify not only as to their specific factual findings in conjunction with an accident investigation but also as to expert opinions and conclusions drawn therefrom, see, for example, Brown v. Benjamin, 120 So.2d 325, 327 (La.App. 2nd Cir. 1960), it has also been held that the trial court is vested with wide discretion in determining whether such a police officer is qualified to give such expert opinion testimony, Bonilla v. Arrow Food Distributors, Inc., 202 So.2d 438 (La.App. 4th Cir. 1967). We are satisfied from our review of the record in this connection that the trial judge did not abuse his discretion in refusing to permit the investigating police officer to give opinion testimony in this case.
The opinion testimony by the investigating police officer is contained in the record as a proffer of evidence. Assuming, arguendo, that this evidence should have been admitted, nevertheless, our review of the entire record, together with this proffer of evidence, fails to preponderate in favor of appellants’ contention of negligence or contributory negligence on the part of Hayes.
Appellants also argue that the negligence or contributory negligence of Hayes is demonstrated by reference to stopping distances as depicted on certain speed charts, which charts are made reference to in appellants’ brief. These charts, however, were not introduced in evidence and, accordingly, will not be considered by the Court, Picard v. Joffrion, 202 So.2d 372 (La.App. 1st Cir. 1967).
For the foregoing reasons, the judgment appealed from herein is affirmed, with all costs assessed to defendants-appellants.
Affirmed.

. The suit against F. A. Talley, as administrator of the estate of his minor son, Frank Earl Talley, was dismissed without prejudice on plaintiff’s motion. (No. 8264, Record, p. 61)